IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

N.B., by and through his legal guardian, :
advocate, and next friend, L.K.,
:
    Plaintiff,
:
vs.                                                  CA 12-0012-KD-C
:
ROBERT ALVIN GRIFFIN,
Superintendent of and for the      :
Demopolis City Board of Education,
:
    Defendant.

**REPORT AND RECOMMENDATION**

This cause is before the Magistrate Judge for issuance of a report and recommendation, pursuant to 28 U.S.C. § 636(b), on the defendant Robert Alvin Griffin's motion to dismiss (Doc. 4), plaintiff's memorandum brief in opposition (Doc. 7), and Griffin's reply (Doc. 8). Upon consideration of the foregoing pleadings, and all other relevant pleadings in the Court's file, the Magistrate Judge recommends that the Court substitute, in the style of this matter, the real party defendant in interest, the Demopolis City Board of Education, for Robert Alvin Griffin and dismiss Griffin from this action by **GRANTING** his motion to dismiss (Doc. 4).

**FINDINGS OF FACT**

On January 10, 2012, plaintiff filed this action asserting various causes of action, and seeking relief, pursuant to the Individuals with Disabilities Education Act

1

("IDEA"), 20 U.S.C. § 1400, *et seq.* (*See* Doc. 1.) Although the style of the complaint identifies as the defendant "Robert Alvin Griffin, Superintendent of and for the Demopolis City Board of Education" (*id*. at 1), the remainder of the complaint contains no other mention of Griffin. Indeed, in the section of the complaint identifying the parties to the action, plaintiff identifies the defendant as the Demopolis City Board of Education (Doc. 1, ¶ 7), and elsewhere in the complaint also refers to the Demopolis City Board of Education as the defendant (*see, e.g., id*. at ¶¶ 1, 10-11, 18, 28 & 30).

On January 31, 2012, the Demopolis City Board of Education answered the complaint (Doc. 3)[1] and, concurrent therewith, Robert Alvin Griffin filed a motion seeking an order from this Court dismissing him, in his individual and official capacities, from this case (Doc. 4).  Plaintiff filed his memorandum brief in opposition on February 12, 2012 (Doc. 7) and Griffin his reply on February 22, 2012 (Doc. 8).

In the memorandum brief in opposition, plaintiff makes clear that "Robert Alvin Griffin is not a party to this lawsuit in his individual capacity[]" (Doc. 7, at ¶ 6) and that he is not seeking to hold Griffin "liable in his individual capacity[]" nor is he "seeking relief from . . . Griffin in his individual capacity." (*Id*. at ¶ 8.) Instead, what plaintiff has done is to name Griffin "in his official capacity acting as an agent for the Demopolis City Board of Education." (*Id*. at ¶ 9.)  The summary of plaintiff's argument is, as follows:

---

[1]    In answering the complaint, the Board specifically stated that it was "designated as 'Robert Alvin Griffin, Superintendent of and for the Demopolis City Board of Education[.]" (*Id*. at 1.)

> In this instant case, the Plaintiff has brought a claim against Robert Alvin Griffin in his official capacity as the superintendent of and for the Demopolis City Board of Education. ***Bringing an action against Robert Alvin Griffin in his official capacity as the superintendent of and for the Demopolis City Board of Education is a way of pleading an action against the Demopolis City Board of Education***.

(*Id*. at 4 (emphasis supplied).) In reply, Griffin notes the following: (1) the style of the complaint does not name him as a defendant being sued in his official capacity only; (2) the style of the complaint fails to designate the Demopolis City Board of Education as a party distinct from him; and (3) there is no need to bring official-capacity actions against local government officials since government entities can be sued directly for damages and injunctive relief. (Doc. 8, at 1-2.)

## CONCLUSIONS OF LAW

In *Monell v. Department of Social Services of City of New York,* 436 U.S. 658,  98 S.Ct. 2018,  56 L.Ed.2d 611 (1978), the Supreme Court recognized that official-capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent[.]" *Id.* at 690 n.55, 98 S.Ct. at 2035 n.55. Based upon the foregoing recognition, some seven years later, the Supreme Court in *Kentucky v. Graham*, 473 U.S. 159, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985)  stated that "[a]s long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects ***other than name***, to be treated as a suit against the entity." *Id*. at 166, 105 S.Ct. at 3105 (emphasis supplied; citation omitted).   "It is *not* a suit against the official personally, for the real party in interest is the entity." *Id.* (emphasis in original).  The Court went on to note, however,  that "[t]here is no longer a need to bring official-capacity actions against

3

local government officials, for under *Monell* . . . local government units can be sued directly for damages and injunctive or declaratory relief." 473 U.S. at 167 n.14, 105 S.Ct. at 3106 n.14 (citation omitted).

Based upon the official capacity language contained in *Monell* and *Kentucky v. Graham*, the Middle District of Alabama, in *B.I. v. Montgomery County Board of Education*, 750 F.Supp.2d 1280, 1283 (2010), stated that it was treating plaintiffs' IDEA suit against the Superintendents of the Montgomery County Board of Education and the Alabama Department of Education in their official capacities as claims against the Montgomery County Board of Education and the Alabama Department of Education, respectively. In that case, in addition to suing the Superintendents in their official capacities, the plaintiffs also, in the style (and body) of their complaint, sued the Montgomery Board of Education and the Alabama Department of Education. *See id.* at 1280. Ultimately, the Court in *B.I.* dismissed, without prejudice, plaintiffs' claims against the individual superintendents in their official capacities and stated that the case would proceed against the Montgomery County Board of Education. *Id.* at 1286.

In light of the foregoing, the undersigned recommends that the Court proceed in the manner set out hereinafter. First, there can be no doubt that the Demopolis City Board of Education received notice and an opportunity to respond inasmuch as concurrent with the filing of the instant motion to dismiss an answer was filed by the Board (Doc. 3). The real party in interest in this case, as recognized by all (*see* Docs. 4, 7 & 8), is the Demopolis City Board of Education. Indeed, other than in its style, the complaint refers to the Board as the defendant. (*See* Doc. 1.) And while the style of the

4

complaint—"Robert Alvin Griffin, Superintendent of and for the Demopolis City Board of Education"—certainly suggests that which plaintiff has now made explicit (Doc. 7), that is, that only official capacity claims are being made against Griffin, *cf. Jordan v. Randolph County Schools,* 2009 WL 1410082, *1 (M.D. Ga. May 19, 2009) (observing that it appeared, based on the style of the complaint, that plaintiffs were making official capacity claims against the individual defendants in stating that the individuals were being sued in their "capacities" as Chair of the Randolph County Board of Education, as Superintendent of Randolph County School District, and as Principal of Randolph Clay High School), the undersigned is having a conceptual problem with plaintiff's failure to include the Demopolis City Board of Education in the style of the instant complaint[2] particularly given the Supreme Court's clear language in *Kentucky v. Graham* that "[t]here is no longer a need to bring official-capacity actions against local government officials[.]" *Id*. at 167 n.14, 105 S.Ct. at 2106 n.14. Thus, while plaintiff technically may be correct that "[b]ringing an action against Robert Alvin Griffin in his official capacity as the superintendent of and for the Demopolis City Board of Education is a way of pleading an action against the Demopolis City Board of Education[]" (Doc. 7, at 4), because there is no longer any need to bring such an official-capacity suit the undersigned recommends that this Court simply substitute, in the style of this matter, the real party defendant in interest, the Demopolis City Board of Education, for Robert

---

[2]     Indeed, the undersigned has not come across any IDEA case in which the local school entity has not been listed as a defendant in the style of the action.

Alvin Griffin and dismiss Griffin from this action, as any claims against Griffin in his official capacity would be redundant to those asserted against the Board.

## CONCLUSION

Based upon the foregoing, the Magistrate Judge recommends that the Court substitute, in the style of this matter, the real party defendant in interest, the Demopolis City Board of Education, for Robert Alvin Griffin and **GRANT** Griffin's motion to dismiss (Doc. 4).

The instructions which follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this the 29th day of February, 2012.

      s/WILLIAM E. CASSADY
      **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND
RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND
<u>FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>**

l.     *Objection*.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to  do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).   The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days[3] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.     *Transcript (applicable Where Proceedings Tape Recorded)*.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

---

[3]     Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" Fed.R.Civ.P. 72(b)(2).

7